UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN LANGLEY | CIVIL ACTION |
| VERSUS | NO. 14-1022 |
| JAMES M. LEBLANC, ET AL. | SECTION "H"(5) |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff, Steven Langley, is incarcerated in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana. He initiated this lawsuit pursuant to Title 42 U.S.C. § 1983 against James M. LeBlanc and various prison officials at Elayn Hunt Correctional Center, alleging that housing restrictions imposed by defendants violate his constitutional rights.[1]

I.   *Venue provisions*

Because Title 42 U.S.C. § 1983 does not contain a specific venue provision, venue is determined under the general venue provision found at Title 28 U.S.C. § 1391(b). *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or (3) if there is no district in which an action may otherwise be

---

[1] The Court has instructed the Clerk of Court by separate order to file this complaint without prepayment of a filing fee. Ruling on the application for pauper status is deferred to the United States District Court for the Middle District of Louisiana.

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The provisions of 28 U.S.C. §§ 1406(a) allow for transfer of a case from a district in which venue is wrong to another district or division in which venue is proper, if such transfer is in the interest of justice.  See *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999).

*II.     Analysis*

Plaintiff's alleged cause of action arose in the Elayn Hunt Correctional Center in St. Gabriel, Louisiana, in Iberville Parish, which lies within the geographical boundaries of the United States District Court for the Middle District of Louisiana.  28 U.S.C. § 98(b).  All of the events that form the factual basis of plaintiff's action occurred there.  Plaintiff does not allege that any defendant resides or is located within the Eastern District of Louisiana.  The interest of justice dictates that venue is proper in the Middle District of Louisiana.

*III.    Recommendation*

It is therefore **RECOMMENDED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this 6th day of May, 2014.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.